IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONNELLY J. LEBLANC | : | CIVIL ACTION |
| | : | |
| v. | : | No. 09-1685 |
| | : | |
| COUNTY OF LANCASTER, *et al.* | : | |

## MEMORANDUM OPINION

**SAVAGE, J.**                                                                October 21, 2009

### Background

In his *pro se* complaint characterized as a §1983 action, the plaintiff Donnelly J. LeBlanc ("LeBlanc") asserts a variety of claims arising out of four separate encounters with law enforcement. The four incidents as described by LeBlanc are: police trespassing on his property in the Fall of 2007; his arrest for insurance fraud on January 8, 2008; his arrest on unspecified charges on February 22, 2008; and his arrest, imprisonment and prosecution for sexual assault. He asserts seven claims: (1) unlawful trespassing by the police; (2) police harassment; (3) police intimidation; (4) unlawful prosecution; (5) false arrest; (6) false imprisonment; and (7) unnecessary force. Construing the *pro se* complaint most generously in LeBlanc's favor and giving him the benefit of every doubt, we shall assume that he is raising violations of his Fourth, Eighth, and Fourteenth Amendment rights.

LeBlanc has named four defendants. Lancaster County ("County") and the Penn Township Police Department ("Police Department") are named in the trespass and three false arrests counts. Detective Pappas ("Pappas") is sued in connection with the insurance fraud and sexual assault arrests. Karen Mansfield ("Mansfield"), the assistant district

attorney who prosecuted him in the sexual assault trial, is sued for her role in prosecuting LeBlanc.

The defendants, except Mansfield, have moved to dismiss the complaint. The County argues that LeBlanc has failed to allege that it has violated any protected constitutional right. The Police Department contends it is not a proper defendant for purposes of § 1983 and LeBlanc has not alleged that any department's policy or custom violated his civil rights. Pappas argues that the claims against him for false arrest, false imprisonment and malicious prosecution are precluded as an impermissible collateral attack on a state court conviction. He also argues that the court should abstain from intervening in the state criminal proceedings for insurance fraud.

## Facts

As alleged by LeBlanc, his interactions with the police started in the Fall of 2007, when an unidentified Penn Township policeman trespassed on his property. *Compl*. ¶ 1. Pennsylvania State Police ordered the officer to vacate LeBlanc's property. *Id*. ¶ 1.

The next encounter occurred on January 8, 2008. *Compl*. ¶ 3. LeBlanc was arrested by Pappas as a result of a complaint from State Farm Insurance Company. *Id*. ¶ 3. LeBlanc alleges that he made no claim, and that Pappas omitted evidence in order to charge him with insurance fraud and conspiracy to commit insurance fraud. *Id*. ¶ 3. He does not allege that the charges were terminated in his favor. Indeed, although the conspiracy charge was dismissed, the remaining charges are pending.

The third incident happened one month later. *Compl*. ¶ 2. Another unidentified Penn Township policeman arrested LeBlanc. *Id*. ¶ 2. LeBlanc alleges that the original

charges, which he does not specify, were dismissed. *Id*. ¶ 2. On the same day, LeBlanc alleges that this officer used excessive force to remove him from his vehicle and slammed him against the vehicle. *Id*. ¶ 4. He was taken to the police station where he was pushed onto an icy pavement, causing him to fall and to sustain injuries requiring medical attention. *Id*. ¶ 4.

The fourth incident arises out of his arrest on June 19, 2008 and subsequent prosecution for involuntary deviate sexual intercourse. *Compl*. ¶ 5. LeBlanc claims that Pappas falsified the affidavit for probable cause. *Id*. ¶ 5. He alleges that the Lancaster County District Attorney's Office was aware of the prior incidents between him and the Police Department, and Mansfield wrongfully prosecuted him. *Id*. ¶ 6.

## Motion to Dismiss Standard

When considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), all well-pleaded allegations in the complaint are accepted as true and viewed in the light most favorable to the plaintiffs. *Holk v. Snapple Beverage Corp.*, 575 F.3d 329, 334 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), giving the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 55 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although this standard "does not require 'detailed factual allegations,' it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555).

A complaint is subject to dismissal if the plaintiff fails to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). The plaintiff must allege facts that indicate "more than a sheer possibility that a defendant has acted unlawfully." *Id*. The mere pleading of "facts that are 'merely consistent with' a defendant's liability" is insufficient and cannot survive a motion to dismiss. *Id.* (citing *Twombly*, 550 U.S. at 557). Additionally, the plaintiff's *pro se* pleadings must be considered deferentially, affording him the benefit of the doubt where one exists. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)). With these standards in mind, we shall accept as true the facts as they appear in the plaintiff's complaint and draw all possible inferences from these facts in his favor.

<u>Lancaster County and Penn Township Police Department</u>

A municipality cannot be held liable for damages under 42 U.S.C. § 1983 on a vicarious liability theory. *Carswell v. Borough of Homestead*, 381 F.3d 235, 244 (3d Cir. 2004) (citing *Monell v. Dept. of Soc. Servs., New York City*, 436 U.S. 658, 694-695 (1978)). A municipality may be responsible under § 1983 for injuries inflicted by its agent or employee only if they were the result of a governmental policy or custom. There must be a "direct casual link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). The acts of a government employee are deemed to be the result of a policy or custom of the governmental entity for whom the employee works where either: (1) the officer or the entity promulgates a policy

statement and the injurious act occurs as a result of an implementation of that policy; (2) the policymaker himself violates a federal law; or (3) the policymaker is deliberately indifferent to the need for action to correct an inadequate practice that is likely to result in a constitutional violation and fails to act. *Jiminez v. Allamerican Rathskeller, Inc.*, 503 F.3d 247, 249-250 (3d Cir. 2007) (citing *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003)).

LeBlanc fails to allege that any policy or custom was implemented by the County which resulted in a violation of his constitutional rights. He has not alleged the promulgation of a policy, or that any policymaker violated federal law. He has not alleged that any policymaker was deliberately indifferent to the need for action to correct a practice which violated constitutional rights. In short, LeBlanc fails to allege any injury that resulted from a governmental policy or custom.

For § 1983 purposes, "municipalities and their police departments are treated as a single entity." *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 n. 4 (3d Cir. 1997). Thus, if the municipality cannot be held liable for damages under 42 U.S.C. § 1983 on a vicarious liability theory, its police department cannot be liable. *Carswell v. Borough of Homestead*, 381 F.3d 235, 244 (3d Cir. 2004) (citing *Monell v. Dept. of Soc. Servs., New York City*, 436 U.S. 658, 694-695 (1978)).

LeBlanc is attempting to hold the Police Department liable for the actions of its individual police officers. As we have noted, he does not allege any policy or custom of the municipality or the police department which caused the police officers to violate his constitutional rights. Thus, the complaint as to the County and the Police

Department will be dismissed.

## Pappas

The claims against Pappas for false arrest, false imprisonment and malicious prosecution arise from his twice arresting LeBlanc on criminal charges. LeBlanc has been convicted of the charges that were the subject of one arrest and he has not yet been tried on the charges related to the other arrest.

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a plaintiff is barred from bringing a constitutional claim pursuant to 42 U.S.C. § 1983 if a judgment in his favor would demonstrate or imply the invalidity of a criminal conviction. *Id*. at 486-87. *See also Torres v. Fauver*, 292 F.3d 141, 147 (3d Cir. 2002). When there is a guilty plea or conviction, probable cause for the arrest is conclusively established. *McGriff v. Vidovich*, 699 A.2d 797, 800 (Pa.Cmwlth. 1997).

LeBlanc's claims involving false arrest, false imprisonment and malicious prosecution relating to involuntary deviate sexual intercourse are barred by *Heck*. LeBlanc argues that *Heck* should not apply because it would "severely prejudice" his complaint, and because he filed his claim before the conviction. However, a ruling in favor of LeBlanc for his claims of false arrest, false imprisonment or malicious prosecution in connection with the involuntary deviate sexual intercourse charges would invalidate the conviction. Therefore, his claims related to the charges for which he has been convicted must be dismissed.

The insurance fraud charges are outstanding. LeBlanc essentially seeks intervention in the ongoing state criminal proceedings. To grant relief, a federal court

would necessarily have to interfere with the state prosecution.

Based on principles of comity and federalism, federal courts should decline to decide a case where there are pending state proceedings involving the same issues implicating important state interests. *Younger v. Harris*, 401 U.S. 37, 44 (1971). There are three prerequisites for *Younger* abstention: (1) an ongoing state proceeding that is judicial in nature; (2) the state proceeding implicates an important state interest; and (3) the state proceeding provides an adequate opportunity to raise any federal claims. *Matusow v. Trans-County Title Agency, LLC*, 545 F.3d 241, 248 (3d Cir. 2008) (quoting *Marran v. Marran*, 376 F.3d 143, 154 (3d Cir. 2004)). Despite the existence of these three prerequisites, abstention is still inappropriate if the ongoing state proceedings are undertaken in bad faith or to harass the plaintiff, or some extraordinary circumstance would present a significant and immediate potential for irreparable harm to the asserted federal interest by deferring to the state courts. *Anthony v. Council*, 316 F.3d 412, 418 (3d Cir. 2003).

All three prerequisites for abstention are met; and LeBlanc has not shown bad faith, harassment, or any extraordinary circumstance that calls for federal court intervention. The ongoing criminal prosecution before the Court of Common Pleas of Lancaster County is judicial in nature. The criminal prosecution for violating state criminal laws is an important state interest. LeBlanc may raise his constitutional challenges to the legality of his arrest and resulting imprisonment and prosecution in the state proceedings.

LeBlanc has not alleged any facts showing bad faith or harassment. His bald conclusory assertions do not demonstrate that the criminal proceedings were brought by

the County for any reason other than to obtain a valid conviction.  Thus, we shall abstain from enjoining or interfering with the pending state court criminal proceedings.

An additional reason for dismissing the claims against Pappas is that they are not ripe.  These claims are subsumed in the pending prosecution.

When success on a claim would necessarily invalidate a conviction or potential future conviction, the claim is not cognizable while the state criminal proceedings are pending.  *Smith v. Holtz*, 87 F.3d 108, 113 (3d Cir. 1996).  "[A] defendant in an on going criminal proceeding cannot bring a malicious prosecution claim."  *Id*. 113 n. 4.  The ripeness doctrine prevents adjudication of false arrest and false imprisonment claims when there is a pending state court proceeding because the legitimacy of the claims may depend upon the outcome of the state court proceeding.  *Holloway v. Brechtse*, 279 F.Supp.2d 613, 616 (E.D.Pa. 2003).

LeBlanc's insurance fraud criminal charges are pending in state court.  His § 1983 claims for false arrest, false imprisonment and malicious prosecution arising out of the arrest and prosecution for these charges are dependent on the result of the state court proceedings.  Therefore, LeBlanc's claims relating to the allegations of insurance fraud against Pappas are not ripe.

Mansfield

Mansfield has not entered an appearance in this case.  However, the claim against her must be dismissed because she is entitled to prosecutorial immunity.

Prosecutors enjoy absolute immunity from liability for actions taken in judicial proceedings.  *Donahue v. Gavin*, 280 F.3d 371, 377 n. 15 (3d Cir. 2002) (citing *Imbler v.*

*Pachtman*, 424 U.S. 409, 430 (1976)). A prosecutor's actions in the courtroom are absolutely protected. *Kulwicki v. Dawson*, 969 F.2d 1454, 1463 (3d Cir. 1992). Absolute immunity from § 1983 claims attaches to the prosecutor's "decision to initiate a prosecution...." *Van de Kamp v. Goldstein*, 129 S.Ct. 855, 860 (2009) (citing Imbler 424 U.S. at 421 and 424.). Prosecutorial activities outside the courtroom receive the same protection if they are "intimately associated with the judicial phases of litigation." *Id*. 860. (citing Imbler 424 U.S. at 428.). Administrative or investigative actions, however, are only protected by qualified immunity. *Id*. 861. (citing Imbler 424 U.S. at 431.). A prosecutor's behavior that is totally unrelated to the prosecutorial role or exceeds the scope of her authority is similarly unprotected by absolute immunity. *Kulwicki* 969 F.2d at 1463 (3d Cir. 1992) (citing *Rose v. Bartle*, 871 F.2d 331, 346 (3d Cir. 1989)). In determining whether the prosecutorial activity is entitled to absolute immunity, the court "must take account of the functional considerations." *Van de Kamp,* 129 S.Ct. at 861. *See Burns v. Reed*, 500 U.S. 478, 486 (1991). Applying anything less than absolute immunity to a prosecutor "acting as 'an officer of the court'" would place "unique and intolerable burdens" on the prosecutor to defend her decisions. *Id*. 860. (citing Imbler 424 U.S. at 424-26).

LeBlanc's claim against Mansfield relates to her acting as a prosecuting attorney. There is no allegation that Mansfield was acting outside her role as prosecutor. Absolute immunity attaches to her decision to initiate prosecution of LeBlanc and for prosecuting him. Therefore, the claim against Mansfield will be dismissed.

## Conclusion

None of LeBlanc's claims can withstand a Rule 12(b)(6) challenge. Therefore, his

complaint will be dismissed.